UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAMIAN MICHAEL GONZALES,

                Petitioner,

   v.

RENEE BAKER, WARDEN, *et al.*,

                Respondents.

Case No. 3:18-cv-00058-MMD-CLB

ORDER

**I.  SUMMARY**

This is a counseled habeas corpus action under 28 U.S.C. § 2254. Currently before the Court are the first amended petition of Petitioner Damian Michael Gonzales (ECF No. 21), Respondents' motion to dismiss (ECF No. 27), Petitioner's opposition (ECF No. 38), and Respondents' reply (ECF No. 44). The petition is untimely, which Gonzales acknowledges. Gonzales has not demonstrated that an evidentiary hearing is warranted in this action, and he has not demonstrated that he is entitled to equitable tolling. The Court therefore grants the motion to dismiss.

**II.  BACKGROUND**

After a jury trial, on January 27, 2011, ,the state district court convicted Gonzales of 11 counts of sexual assault with a minor under 14 years of age, six counts of lewdness with a child under the age of 14, and two counts of child abuse and neglect.[1] (ECF No. 29-35 (Exh. 39).) Gonzales appealed. On June 14, 2012, the Nevada Supreme Court affirmed the judgment of conviction. (ECF No. 29-56 (Exh. 60).) Remittitur issued on July 10, 2012. (ECF No. 30-1 (Exh. 61).)

On September 6, 2012, Gonzales filed a motion for order to show cause, asking the state district court to order his attorney to turn over the case file to him. (ECF No. 30-

---

[1] The jury also found Gonzales guilty of 2 counts of incest, but the state district court dismissed those counts.

2 (Exh. 62).) On September 27, 2012, the state district court orally granted the motion and directed counsel to send Gonzales a copy of his file and send the court verification of compliance within a week. (ECF No. 28-1 at 20 (Exh. 1).) A certificate of mailing indicates that counsel mailed Gonzales the file on September 28, 2012. *Id.* (ECF No. 28-1 at 34). The state district court issued a written order granting Gonzales' motion on October 22, 2012. (ECF No. 30-3 (Exh. 63).)

Gonzales filed a post-conviction habeas corpus petition in the state district court on April 20, 2015. (ECF No. 30-4 (Ex. 64).) The state district court, upon Gonzales' motion, appointed counsel. Gonzales filed a counseled supplement to his petition on October 1, 2015. (ECF No. 30-13 (Ex. 73).). The state district court denied the petition because it was untimely under NRS § 34.726(1), which requires a person to file a post-conviction habeas corpus petition within one year of the issuance of the remittitur on direct appeal. (ECF No. 30-17 (Exh. 77).) Gonzales appealed. The Nevada Supreme Court transferred the case to the Nevada Court of Appeals. (ECF No. 30-28 (Exh. 88).) On December 28, 2016, the Nevada Court of Appeals affirmed. (ECF No. 30-29 (Exh. 89).) Remittitur issued on January 24, 2017. (ECF No. 30-30 (Exh. 90).)

On May 19, 2015, Gonzales filed a proper-person motion to correct an illegal sentence. (ECF No. 30-9 (Exh. 69).) The state district court denied the motion on August 9, 2015. (ECF No. 30-12 (Exh. 72).) Gonzales did not appeal the denial.

On January 22, 2018, Gonzales dispatched his initial, proper person, § 2254 petition to this Court. (ECF No. 9 at 1.) The Court appointed the Federal Public Defender to represent him. (ECF No. 8.) Gonzales filed a counseled first amended petition on May 31, 2019. (ECF No. 21.)

**III.   LEGAL STANDARD**

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

2

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). *See also* Sup. Ct. R. 13(1).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). "First, for a litigant to demonstrate 'he has been pursuing his rights diligently,' *Holland*, 560 U.S. at 649 [. . .], and thus satisfies the first element required for equitable tolling, he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99. "[I]t is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary

3

circumstance, he must also be diligent in actively pursuing his rights." *Id.* at 599. "Second, and relatedly, it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." *Id.*

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

**IV.  DISCUSSION**

    **A.  The Petition is Untimely**

Gonzales acknowledges the untimeliness of the petition. (ECF No. 38 at 3–4.) The Nevada Supreme Court decided his direct appeal on June 14, 2012. The time to petition for a writ of certiorari expired on September 12, 2012. The federal one-year period started the next day. Gonzales had no post-conviction or other collateral review petition pending in the state courts over the next year. The one-year period thus expired at the end of September 12, 2013.

Gonzales filed his state post-conviction habeas corpus petition and his motion to correct an illegal sentence after the expiration of the one-year period. These two proceedings do not toll the one-year period because no time was left to be tolled. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Additionally, the state post-conviction habeas corpus petition was untimely under state law. It did not qualify for tolling the one-year period. *Pace*, 544 U.S. at 417.

    **B.  Equitable Tolling is Not Warranted**

Gonzales asks the Court to conduct an evidentiary hearing to show that he is entitled to equitable tolling. However, he has not alleged any facts that the Court would need to determine by holding an evidentiary hearing. Furthermore, the record before the Court establishes that Gonzales is not entitled to equitable tolling.

///

///

### 1.     **Gonzales Has Not Demonstrated Diligence**

As noted above, Gonzales needs to demonstrate diligence before, during, and after any extraordinary circumstance that prevented timely filing. *Smith*, 953 F.3d at 598–99. On June 18, 2012, right after the Nevada Supreme Court decided his direct appeal, he sent counsel a letter asking for his file. (ECF No. 30-2 at 4 (Exh. 62).) On August 9, 2012, he sent counsel another letter. (*Id.* at 5.) Then, on September 6, 2012, he filed a motion in the state district court asking that court to order counsel to send him a file. *Id.* Gonzales referred to the state and federal statutes of limitations in both letters and in the motion. On September 27, 2012, two weeks after the federal one-year period commenced, the state district court orally granted the motion. (ECF No. 28-1 at 20 (Exh. 1).) On September 28, 2012, counsel mailed Gonzales his file. (*Id.* at 34.) Nobody could doubt that Gonzales acted diligently during that time, but that is not enough.

Then Gonzales did nothing for two and a half years, until he filed his state post-conviction habeas corpus petition on April 20, 2015. (*See* ECF No. 30-4 (Exh. 64).) The index of exhibits shows this gap. (ECF No. 28 at 5.) The Court has checked the on-line docket of the state court, and it shows the same gap. *State v. Gonzales*, Case No. 09C259414.[2]

It is difficult to determine whether Gonzales was diligent during the time that he was litigating his state post-conviction habeas corpus petition. He was litigating in state court, and that counts in his favor. However, he also knew that he had a timeliness problem in federal court, but he did not file a contemporaneous protective federal habeas corpus petition in this Court. *See Pace*, 544 U.S. at 416. Gonzales attributes the lack of a protective federal petition to state post-conviction counsel, who did not advise him to file a protective federal petition. (ECF No. 38 at 6.)

After the conclusion of the state post-conviction proceedings, with the issuance of the remittitur on January 24, 2017, Gonzales again did nothing for almost a year, without

///

---

[2]https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7572242 (report generated July 28, 2020).

explanation, until he dispatched his federal habeas corpus petition to this Court on January 22, 2018.

In the end, it does not matter whether the Court finds that Gonzales was diligent during the time spent on his untimely state post-conviction petition. Gonzales has not demonstrated diligence during the time before he filed the state post-conviction petition or after the state post-conviction proceedings concluded. Because equitable tolling is not a stop-clock procedure but an equitable remedy, Gonzales needs to show diligence up to the point of mailing his proper-person federal habeas corpus petition to the Court, both for the times that an extraordinary circumstance prevented timely filing and for the times that the extraordinary circumstance did not exist. *Smith*, 953 F.3d at 598–99. Even if Gonzales was acting diligently while he was pursuing his state post-conviction habeas corpus petition, the two gaps of diligence before and after that petition, considered in combination or separately, show that equitable tolling is not warranted. Additionally, Gonzales has not alleged any facts in his opposition that would lead the Court to determine that it needs to hold an evidentiary hearing to find whether he was diligent.

### 2.     **Gonzales Has Not Demonstrated Extraordinary Circumstances**

Gonzales argues that abandonment by direct-appeal counsel is an extraordinary circumstance that prevented timely filing. The Court disagrees. He alleges that direct-appeal counsel did not communicate with him at all, let alone about the time limits for filing state and federal habeas corpus petitions. However, Gonzales' letters to direct-appeal counsel and his motion to compel direct-appeal counsel to send him his file demonstrate that he knew of the existence of both state and federal time limits. Lack of communication about the time limits thus could not have been an extraordinary circumstance in Gonzales' case. Furthermore, counsel sent Gonzales his file about two weeks after the federal one-year period commenced. Gonzales still had plenty of time to prepare and file a federal habeas corpus petition, or to file a state habeas corpus petition that, in turn, would have tolled the federal one-year period under 28 U.S.C. § 2244(d)(2). Consequently, direct-

///

6

appeal counsel did not abandon Gonzales, and the lack of communication was not an extraordinary circumstance that prevented timely filing of a federal habeas corpus petition.

Gonzales also argues that post-conviction counsel abandoned him. He argues that post-conviction counsel could have advised him to file a protective federal habeas corpus petition. However, a state counsel's lack of advice, or incorrect advice, about the federal time limit is not an extraordinary circumstance that warrants equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).

Gonzales himself notes the real problem with anything that post-conviction counsel did or could have done. "By then, however, most of the damage had been done." (ECF No. 38 at 6.) The Court disagrees only as to degree. By then, *all* of the damage had been done. Gonzales had not acted diligently in the two and a half years between the mailing of his file to him and the filing of the state post-conviction habeas corpus petition, and also during that time no extraordinary circumstance existed that would have prevented him from filing a federal petition on time. Direct-appeal counsel did all that was required by September 28, 2012, and thus could not have been an extraordinary circumstance that prevented Gonzales from timely filing a federal habeas corpus petition. Post-conviction counsel tried unsuccessfully to convince the state courts to excuse the untimeliness of the state petition. (ECF No. 30-15 (Exh. 75) (reply to response to supplemental petition)); (ECF No. 30-24 (Exh. 84) (opening brief on appeal)); (ECF No. 30-27 (Exh. 87) (reply brief on appeal)). If he had succeeded in excusing the untimeliness of the petition, and then succeeded on the merits of the petition, then the case would have taken a different path and timeliness of a federal petition would not be an issue. Without that double success, however, nothing that post-conviction counsel could have done would have brought back those two and a half years of inaction without explanation. Post-conviction counsel thus did not abandon Gonzales, and Gonzales has not demonstrated that post-conviction counsel created an extraordinary circumstance that prevented timely filing of a federal habeas corpus petition.

### C. The Court Will Not Address Respondents' Other Arguments

Respondents present two other arguments. First, they argue that grounds 2(a), 2(b), and 2(c) are procedurally defaulted because Gonzales raised them in his state post-conviction petition, which was untimely under state law. Second, they argue that ground 2(d) is unexhausted because Gonzales has not raised that claim in any state-court proceeding. The Court will not address these arguments because the Court is dismissing the entire action as untimely.

## V. CONCLUSION

Reasonable jurists would not disagree with the Court's conclusion, and the Court will not issue a certificate of appealability.

It is therefore ordered that Respondents' motion to dismiss (ECF No. 27) is granted. This action is dismissed with prejudice because it is untimely. The Clerk of the Court is directed to enter judgment accordingly and to close this case.

DATED THIS 5th day of August 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE